TUCKER ELLIS LLP
Howard A Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff
VERRAGIO, LTD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERRAGIO, LTD<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIEU HANH JEWELRY,<br><br>　　　　　Defendant. | Case No. 8:15-cv-0688 CJC (DFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>**DATE:**　August 3, 2015<br>**TIME:**　1:30 p.m.<br>**CTRM:**　9B<br><br>**Hon. Cormac J. Carney** |

1083801.2

## I. INTRODUCTION

For over 20 years, Barry Nisguretsky ("Nisguretsky"), the owner of Verragio, Ltd. ("Verragio"), has been an innovator in the design, creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material. Among Nisguretsky's jewelry designs is Insignia-7003, an original ring design comprising copyrightable subject matter under the laws of the United States. (Declaration of Barry Nisguretsky ("Nisguretsky Dec.") ¶ 2 and Ex. A). Additionally, Nisguretsky has received a Certificate of Registration from the Register of Copyrights for Insignia-7003 (VAu 996-688). *Id*.

Nisguretsky has exclusively licensed his copyrighted Insignia-7003 design to Verragio. (Nisguretsky Dec. ¶ 3). Since its creation, Insignia-7003 has been manufactured by Verragio, or under its authority. *Id*.

This Action arises out of the advertisement, distribution, and sale by Kieu Hanh Jewelry ("Kieu Hanh") of jewelry with a design that is substantially similar to the copyrighted Insignia-7003 design. The infringing ring sold by Kieu Hanh has the product code 117490-100 ("Infringing Ring 117490-100"), and was sold on January 29, 2015. (Nisguretsky Dec. ¶ 4 and Exs. C and D).

## II. VERRAGIO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR DEFAULT

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a court may enter default judgment following the entry of default by the Clerk of the Court. *Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). In the Central District of California, applications for default judgment must set forth the following information: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the

application has been served on the defaulting party, if required. Local Rule 55-1; *Pepsico*, 238 F. Supp. 2d at 1174.

Verragio has satisfied the procedural requirements for entry of default judgment under Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55-1. Verragio filed its Complaint in this Action on April 30, 2015. (Docket Entry No. 1). Kieu Hanh was served with the Complaint on May 5, 2015. (Docket Entry No. 11). Kieu Hanh has failed to appear, respond to the Complaint and Summons, or file any other pleading or motion permitted by law. On June 3, 2015, default was entered by the Clerk of Court against Kieu Hanh (Docket Entry No. 17).

As a company selling jewelry in Westminster, California, Kieu Hanh is not an infant or incompetent person, and is not in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (Declaration of Howard A. Kroll ("Kroll Dec.") ¶ 2). Furthermore, Verragio is not required to serve its Application for Default Judgment By Court ("Application"), its Notice of Application, and other supporting documents on Kieu Hanh, because Kieu Hanh has not appeared. *See Microsoft Corp. v. Evans*, 2007 WL 3034661, at *2 (E.D. Cal. 2007) (a defaulting party is entitled to written notice of the application for default judgment unless the party has not appeared in the action citing Fed. R. Civ. P. 55(b)(2)). Nevertheless, in an abundance of caution, Verragio plans to serve its Application, its Notice of Application, and other supporting documents on Kieu Hanh by mail on July 1, 2015. (Kroll Dec. ¶ 3).

Finally, Verragio's Application complies with Rule 54(c) of the Federal Rules of Civil Procedure in that it requests a remedy that is not different in kind from that requested in the Complaint. Fed. R. Civ. P. 54(c).

### III.  DEFAULT JUDGMENT SHOULD BE ENTERED

When the procedural requirements for a default judgment are satisfied, the decision to grant or to deny a request for default judgment lies within the Court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). When exercising this discretion, the following "*Eitel* factors" guide the Court: (1) the merits of the plaintiff's

2

1083801.2

substantive claims; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Despite this discretionary standard, "default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods*., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted). As discussed below, here the discretionary factors favor entering default judgment against Kieu Hanh.

### A. Verragio Has Established The Merits Of Its Claims And The Sufficiency Of The Complaint

"Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *TeleVideo Sys, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Therefore, the two *Eitel* factors regarding the substantive claims and sufficiency of the evidence essentially require Verragio's Complaint to state a claim on which it may recover. *Broad. Music, Inc. v. Pardon*, No. 1:14-CV-01394-JAM, 2015 WL 966184, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). The well-pled factual allegations of Verragio's Complaint properly allege the elements of and support liability for its claims, as shown below.

#### 1. Facts Pertaining to Kieu Hanh's Infringement of Verragio's Licensed Copyrighted Jewelry Design

a) Validity of Verragio's Licensed Copyrighted Jewelry Design

Verragio's licensed copyright for the Insignia-7003 design is presumed valid because the design became federally registered within 5 years of its initial publication. (Nisguretsky Dec. ¶¶ 2-3; Complaint ¶¶ 7-11). *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the

3

1083801.2

copyright and of the facts stated in the certificate."); *see also, Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (registered copyright bears "presumption of validity").

### b) Access

Copying protected elements of a copyrighted work are necessary to prove infringement. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Direct evidence of copying is rarely available; therefore, infringement is typically proven by showing that the defendant had access to the copyrighted work and that the defendant's and plaintiff's works are substantially similar. *Id*.

The Ninth Circuit has defined "access" as a reasonable opportunity to view or copy the plaintiff's work, which may be proved either directly or circumstantially. *Id.* at 482. Kieu Hanh cannot seriously dispute that it had access to Verragio's licensed Insignia-7003 design because Kieu Hanh operates a jewelry business in direct competition with retailers that purchase jewelry from Verragio, and actively solicits and seeks as customers, the same customers as those retailers that purchase jewelry from Verragio. (Nisguretsky Dec. ¶ 5; Complaint ¶¶ 12-14, 21). Additionally, Kieu Hanh was at one time an authorized Verragio retailer. Therefore, Kieu Hanh was aware of Verragio and its licensed copyrighted jewelry designs. (Nisguretsky Dec. ¶ 6).

### c) Substantial Similarity

To determine whether two works are substantially similar, a two-part analysis is used. *Id* at 485. This two-part analysis is made up of an "extrinsic test" and an "intrinsic test." *Id*. "Initially, the extrinsic test requires that the plaintiff identify concrete elements based on objective criteria." *Id*. In applying the extrinsic test, only the protectable elements, standing along, should be evaluated. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822-823 (9th Cir. 2002). It is necessary to filter out and disregard non-protectable elements. *Id.*

Once the extrinsic test is satisfied, the finder of fact then applies the intrinsic test. *Bolton*, 212 F.3d at 485. The intrinsic test is subjective and asks only "whether the

4

1083801.2

ordinary, reasonable person would find the total concept and feels of the works to be substantially similar." *Id*. (Internal quotation marks and citations omitted). The intrinsic test does not depend on the type of external criteria and analysis which mark the extrinsic test; it is instead a subjective test. *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994).

A direct comparison of Verragio's licensed Insignia-7003 design with the Infringing Ring 117490-100 reveals the close similarity between the rings that would satisfy the extrinsic and intrinsic tests:



 



Insignia-7003                    Infringing Ring 117490-100[1]

(Nisguretsky Dec. ¶ 4 and Exs. A, B, and C; Complaint ¶¶ 15-17, 19-22).

---

[1] The Infringing Ring 117490-100 is virtually identical to this photograph, but without the center diamond. (Kroll Dec. ¶ 4; Nisguretsky Dec. ¶ 4). Counsel for Verragio will bring both an exemplar of Insignia-7003 and the Infringing Ring 117490-100 to the hearing for the Court, if it so decides, to compare.

1083801.2

### B. The Sum of Money At Stake In The Action

When evaluating the sum of money at stake in the action, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Philip Morris USA, Inc.*, 219 F.R.D. at 500 (citation omitted). However, even when a large amount is at stake, this factor does not weigh against entering default judgment because the Court may, in its discretion, limit the damages award. *IO Grp., Inc. v. Jordon*, 708 F. Supp. 2d 989, 999 (N.D. Cal. 2010).

### C. The Possibility Of Prejudice To Verragio

In this case, Verragio would suffer prejudice if default judgment were not entered because it would have no recourse against Kieu Hanh. *Philip Morris USA, Inc.*, 219 F.R.D. at 499; *Pepsico*, 238 F. Supp. 2d at 1177.

### D. The Possibility Of A Dispute Concerning Material Facts

Because the allegations of the Complaint concerning liability are taken as true upon entry of default, there is no possibility of a dispute concerning material facts. *Vallavista Corp. v. Vera Bradley Designs, Inc.*, No. C 10-00120 JW, 2011 WL 7462065, at *2 (N.D. Cal. Apr. 20, 2011). Accordingly, this factor also favors granting default judgment for Verragio. *Id.*

### E. Whether the Default Was Due To Excusable Neglect

There is no indication that Kieu Hanh's failure to appear was the result of excusable neglect. Although Kieu Hanh was properly served, it has made no attempt to respond to Verragio's allegations, nor has Kieu Hanh even contacted Verragio or Verragio's counsel. (Kroll Dec. ¶ 5; Nisguretsky Dec. ¶ 7). Absent any evidence of excusable neglect, this factor weighs in favor of granting a default judgment. *Broad Music, Inc.*, No. 1:14-CV-01394-JAM, 2015 WL 966184, at *3 (E.D. Cal. Mar. 4, 2015).

### F. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions On The Merits

Although, "[c]ases should be decided upon their merits whenever reasonably possible . . . the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference,

6

1083801.2

standing alone, is not dispositive." *Pepsico*, 238 F. Supp. 2d at 1177 (internal quotation marks and citations omitted). Moreover, Kieu Hanh's failure to answer the Complaint makes a decision on the merits impractical, if not impossible. *Philip Morris USA, Inc.*, 219 F.R.D. at 501 (citing *Pepsico*, 238 F. Supp. 2d at 1177). Therefore, this factor does not preclude the Court from granting default judgment. *Philip Morris USA, Inc.*, 219 F.R.D. at 501.

## IV. VERRAGIO IS ENTITLED TO STATUTORY DAMAGES FOR KIEU HANH'S WILLFUL COPYRIGHT INFRINGEMENT

A victorious copyright plaintiff may elect to seek statutory damages, which can range from $750 to $30,000, but can be increased up to $150,000 for willful infringement. 17 U.S.C. § 504(c). In setting the amount of statutory damages, the court has wide discretion within the statutory limits, and may award damages for both compensatory and punitive purposes. *See Los Angeles News Service v. Reuters Television International, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998)(collecting cases on the standards for setting statutory damages). As the Supreme Court has observed, "[t]he statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952).

Additionally, while neither the Copyright Act nor its legislative history specifically defines "willful infringement," the Ninth Circuit has defined it as "knowledge that the defendants' conduct constituted an act of infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-1336 & n.3 (9th Cir. 1990). This knowledge, and thereby willful infringement, may be proven by showing (1) defendant was actually aware of the infringing activity, or (2) defendant's actions were either a reckless disregard" or "willful blindness" of the copyright holder's rights. *Island Computer and Software Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2nd Cir. 2005); *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) ("[w]illful blindness is knowledge, in copyright law").

7

1083801.2

However, "statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008)(internal citations and quotations omitted). Further, "[c]opyright infringement is deemed willful by virtue of a defendant's default." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, No. 14-CV-7346 KBF, 2015 WL 1508497, at *5 (S.D.N.Y. Apr. 1, 2015). Simply put, "infringers should not be free to 'sneer' in the face of the Copyright Act." *Emi Mills Music v. Express Hotel*, 470 F. Supp. 2d. 67, 75 (D.P.R. 2006) (citing *International Korwin Crop. v. Kowalczyk*, 665 F. Supp. 652, 659 (N.D. Ill. 1987), *aff'd* 855 F.2d 375 (7th Cir. 1988)).

Kieu Hanh has willfully infringed Verragio's licensed Insignia-7003 because Kieu Hanh was at one time an authorized Verragio retailer and thus is actually aware of Verragio and its licensed copyrighted jewelry designs. (Nisguretsky Dec. ¶ 6). Additionally, Kieu Hanh operates a jewelry business in direct competition with retailers that purchase jewelry from Verragio, and actively solicits and seeks as customers, the same customers as those retailers that purchase jewelry from Verragio. (Nisguretsky Dec. ¶ 5). Whatever other evidence of Kieu Hanh's willfulness exists is within Kieu Hanh's exclusive control, and Verragio has had no opportunity to inspect it. (Kroll Dec. ¶ 5; Nisguretsky Dec. ¶ 7). Accordingly, statutory damages are appropriate, and Kieu Hanh's infringement should be deemed willful.

In light of this willful infringement, Verragio requests that the Court award it the maximum of $150,000 in statutory damages for Kieu Hanh's infringement of Verragio's Insignia-7003.

## V.  VERRAGIO IS ENTITLED TO ITS ATTORNEYS' FEES

As a prevailing party, Verragio may be awarded costs, including reasonable attorneys' fees, at the court's discretion. 17 U.S.C. § 505. Attorneys' fees awards under the Copyright Act "are the rule rather than the exception and should be awarded routinely." *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004). A district court may consider (but is not limited to) five factors in

8

1083801.2

determining whether to award attorneys' fees under the Copyright Act. *Wall Data Inc. v. Los Angeles County Sherriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2006). These factors are "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *See Id.* At 776, 787 (affirming $516,271 attorneys' fees award in light of these factors).

Here, all five of these factors favor an award to Verragio. Due to Kieu Hanh's default, Verragio is the victor in this suit. Verragio has diligently pursued its claims against Kieu Hanh for the duration of this Action, and was at all times prepared to defend its motivation for filing suit. Additionally, Kieu Hanh has willfully infringed Verragio's licensed Insignia-7003 design, and has made no response at all to this Action. Kieu Hanh's willfulness and lack of response also serve to favor Verragio on the need to advance considerations of compensation and deterrence.

### A. Verragio is Entitled to Fees in Excess to the Schedule Set Forth in Local Rule 55-3

Verragio requests that attorneys' fees in excess of the schedule presented in Local Rule 55-3 be awarded due to the fact that Kieu Hanh has willfully infringed Verragio's licensed Insignia-7003 design. Verragio has incurred and requests $12,845 in attorneys' fees and $400 in costs. (Kroll Dec. ¶¶ 6 – 14).

## VI. VERRAGIO IS ENTITLED TO AN INJUNCTION

Verragio is entitled to an injunction to prevent further infringement of its licensed Insignia-7003 design. The Copyright Act provides for the entry of injunctive relief:

> Any court having jurisdiction of a civil action arising under this title may … grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a).

9

1083801.2

Verragio therefore requests that the Court issue a permanent injunction enjoining and restraining Kieu Hanh and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Kieu Hanh, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using infringing copies of Verragio's Insignia-7003. Verragio further seeks an Order that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

## VII. CONCLUSION

Given Kieu Hanh's willful infringement and default, Verragio requests that the Court enter default judgment against Kieu Hanh as indicated above.

DATED: July 1, 2015

Respectfully submitted,

Tucker Ellis LLP

By: /s/Howard A. Kroll
Howard A Kroll
howard.kroll@tuckerellis.com
Attorneys for Plaintiff
VERRAGIO, LTD

1083801.2

# CERTIFICATE OF SERVICE

I certify that on July 1, 2015, a true and correct copy of the foregoing was filed with the Court and served electronically. The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

I further certify that the following party was served by U.S. Mail:

> Kieu Hanh Jewelry
> 9131 Bolsa Avenue, Suite 203
> Westminster, CA  92683

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on July 1, 2015 at Los Angeles, California.

>                       /s/Susan Lovelace

1083801.2